## WELD ET AL *vs.* DONLIN.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE BUCHANAN PRESIDING.

A fraudulent sale of personal property, although followed by possession, gives no right of property to the purchaser; and the true owner has his action against the latter for its recovery.

This is an action to recover sixteen bales of cotton in the possession of the defendant, which the plaintiffs allege belong to them, as the true owners, and which has been illegally and wrongfully taken from them. They further show, that said cotton is worth three hundred and twenty dollars, and pray that it be sequestered, and that they have judgment for the cotton or its value, together with damages.

The defendant set up a claim to the cotton in controversy under a sale to him from one Tankersley & Co., made in the usual course of trade, and for a fair and full price in the open market, &c.

Upon these pleadings and issues the case was tried before the court.

The material facts and evidence of the case are fully detailed in the opinion of this court, which follows.

The district judge came to the conclusion, from the evidence, that the sale from Tankersley to the defendant was unauthorized and tortious, if not felonious. Judgment was rendered in favor of the plaintiff, and the defendant appealed.

EASTERN DIST.
*May*, 1839.

WELD ET AL.
*vs.*
DONLIN.

*L. C. Duncan*, for the plaintiff.

*M'Millen*, for the appellant.

*Eustis, J.*, delivered the opinion of the court.

This case turns exclusively on a question of fact. Tankersley & Dench sold to the plaintiffs sixteen bales of damaged cotton, on the 18th of November, 1837. Part of the price, two hundred and fifty dollars, was paid, and the cotton was delivered to the plaintiffs. The cotton, when sold, was at the yard of Messrs. Frerets, and was removed, by the plaintiffs' order, to the pickery of Kelly. To these facts, we have the testimony of Dench, one of the sellers. He says, that the cotton was removed by the plaintiffs' order to the pickery, for the purpose of being packed. Tankersley, on the 27th of November following, after the dissolution of his partnership with Dench, traded off the cotton to the defendant, in payment of a private debt due by him to a person named Ruddock. The defendant obtained possession of the cotton. Tankersley, in his deposition, says, that the cotton was sold and delivered to Weld & Co. at the time just mentioned ; and although he declares, in his cross-examination, that the cotton was not delivered to the plaintiffs at the time the money was advanced, still he does not contradict the fact alleged in the testimony of Dench, that the cotton was removed from Frerets' press by the plaintiffs' order. If we did not consider the fact of delivery established, (and of this opinion was the judge of the court below) we should have come to a different conclusion, provided the rights set up by the defendant had been based upon a *bonâ fide* sale, according to the usual course of business, for a valuable consideration. As the matter stands, we consider

*A fraudulent sale of personal property although followed by possession; gives no right of property to the purchaser; and the true owner has his action against the latter for its recovery.*

EASTERN DIST. May, 1839.

EASTERN DIST. the subsequent sale to the defendant as a fraud on the plaintiffs.

The judgment of the court below is affirmed, with costs.